decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Matthew Harris has appealed his rape conviction, nine-year sentence and sexual predator classification in the Lorain County Common Pleas Court. This Court affirms.
 I.
This case stems from the relationship between Defendant and his step-sister-in-law, age eleven (the Victim). This relationship began when nineteen-year-old Defendant, along with his wife and their son, moved into the home of his wife's father, step-mother, the Victim and several other children. The step-mother was the biological mother of the Victim.
Over time, Defendant and the Victim began taking walks together, discussing sex and Defendant's failing marriage. Defendant would also write her notes. Eventually, the pair kissed and agreed to have sex. Defendant then, on several occasions, crept into the Victim's room during the night, and they engaged in sexual intercourse.
One morning, the Victim's mother discovered Defendant asleep with the Victim in her bed. Both Defendant and the Victim denied any inappropriate behavior. To hide the truth, the Victim told her mother and various other family members that she had engaged in sex with a boy named "Mike" whom she met while at a campground.
Distressed by the situation, her mother pressed for more information. In fact, the Victim was sent to live with another family because her mother did not believe the story about "Mike." Eventually, the Victim recanted her story about the fictitious "Mike" and admitted that she and Defendant had engaged in sexual intercourse. The Victim was then allowed to return home.
Thereafter, the Victim's mother went to the police, and Defendant was charged with rape, in violation of R.C. 2907.02(A). At trial, the Victim, her mother, her mother's ex-husband, Defendant and his wife each testified. Ultimately, the jury returned a guilty verdict, and the trial court sentenced Defendant to a term of nine years in prison. The trial court also classified Defendant as a sexual predator. Defendant appealed, asserting three assignments of error. This Court has rearranged his arguments.
 II. Second Assignment of Error The trial court erred when it denied [Defendant's] [Crim.R. 29] motionfor acquittal because the manifest weight of the evidence, even whenconstrued in a light most favorable to the [State], was insufficient toconvince reasonable minds that [Defendant] was guilty of rape.
In his second assignment of error, Defendant has argued that the trial court should have granted his Crim.R. 29 motion for acquittal. Specifically, he has argued that the manifest weight of the evidence does not support his conviction as he denied sexual contact and the Victim's credibility was "thoroughly impugned" due to her shifting stories.
This Court begins by noting that Defendant has mixed the Crim.R. 29 sufficiency standard with a manifest weight of the evidence analysis. As this Court noted in State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380,386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340.
In the instant case, the Victim's credibility was called into question. Both on direct and cross examination, she admitted that she had lied to everyone close to her about her sexual relationship with Defendant. Indeed, as Defendant has stressed, the Victim was sent to live with someone else until she identified Defendant as her lover. Nevertheless, the Victim stated that their relationship was very close. She expressly testified that she and Defendant had sexual intercourse on several occasions and that she had received "love letters" from him. Those letters discussed marriage, Defendant's reluctance to engage in sexual relations with his wife and his desire to wake up next to the Victim. Moreover, while denying a sexual relationship, Defendant even testified that he would call the Victim "sexy" and frequently kissed her on the ears, neck and lips.
In the end, matters of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Based on all the evidence presented, this Court cannot say that the jury clearly lost its way and that Defendant's conviction is a manifest miscarriage of justice. As such, Defendant's assertion that the State failed to present sufficient evidence to support his conviction is also without merit. See State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4. Defendant's second assignment of error is not well taken.
 First Assignment of Error
The trial court erred when it sentenced [Defendant] to serve a term ofincarceration of nine years on a felony of the first degree as the trialcourt failed to make findings that demonstrate why the minimum term ofimprisonment should not have been ordered pursuant to R.C. 2929.14(B).
In his first assignment of error, Defendant has challenged the trial court's imposition of a nine year prison term, claiming that the record does not contain the requisite, statutory findings. The State has countered, arguing that the trial court made the appropriate findings at the sentencing hearing and in its journal entry.
R.C. 2929.14 governs the imposition of prison terms for felony convictions, stating, as relevant to a sentence which exceeds the minimum statutory sentence:
(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court has interpreted this statute and held that:
unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
State v. Edmonson (1999), 86 Ohio St.3d 324, 326. However, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasissic) Id. Lastly, this Court recently determined that a trial court may set forth its findings "on the record" either at the sentencing hearing or in its journal entry. See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4-5.
The journal entry in this case stated: "The court finds, pursuant to [R.C. 2929.14(B)] that: the shortest prison term will demean the seriousness of the defendant's conduct; [and] the shortest prison term will not adequately protect the public from future crime by the defendant or others." This language meets the "findings" requirement of R.C.2929.14(B) and Edmonson. Hence, this Court concludes that the trial court's decision to exceed the statutory minimum was not in error and rejects Defendant's first assignment of error.
 Third Assignment of Error
The trial court erred when it determined [Defendant] to be a sexualpredator because the manifest weight of the evidence, even when construedin a light most favorable to the [State], was insufficient to supportsuch a finding.
For his final assignment of error, Defendant has contended that the trial court improperly labeled him as a sexual predator. In essence, he has claimed that only two of ten statutory factors applied in this case and that, as a result, the State failed to carry its burden of proof as to whether he was likely to reoffend.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Rape, in violation of R.C. 2907.02, is a sexually oriented offense. R.C. 2950.01(D)(1). As for whether a defendant is likely to commit sexually oriented offenses in the future, a trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In meeting its burden of proof, the State was not required to satisfy each of these statutory factors; rather, the State merely had to prove by clear and convincing evidence that Defendant is likely to commit one or more sexually oriented offenses in the future. State v. Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported, at 5. This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the trier of fact a firm belief or conviction as to the matter to be established. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported, at 5, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 477. "The clear and convincing standard requires more than a preponderance of the evidence, but does not rise to the level of proving a proposition beyond a reasonable doubt."Alexander, supra, at 5.
In this case, at least four of the statutory factors set forth in R.C.2950.09(B)(2) find application. First, the trial court noted the age of Defendant, under sub-section (a), and that of the Victim, under sub-section (c). Indeed, the Victim was only eleven years of age at the time Defendant, age nineteen, raped her. This Court has recognized that the tender age of a victim is considered indicative of a strong likelihood to reoffend:
[There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
(Citations omitted.) State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported, at 8, fn. 2. R.C. 2950.09(B)(2)(h), the pattern of abuse provision, is also relevant in light of Defendant's numerous sexual encounters with the Victim. Lastly, Defendant's authorship of numerous "love letters" bears on the catch-all provision, R.C. 2950.09(B)(2)(j), which allows a trial court to consider a defendant's behavioral characteristics. The trial court specifically noted that Defendant admitted to playing games with the Victim's mind and continued to write her letters even after they were caught in bed together. There can be no doubt that the evidence presented to the trial court produced a firm belief or conviction that Defendant was likely to commit one or more sexually oriented offenses in the future. Defendant's third assignment of error is without merit.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
BATCHELDER, P.J., CARR, J. CONCURS.